# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOUIS BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2146 (TNM) |
| | ) | |
| MURIEL BOWSER*, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Louis Banks filed a civil complaint in the Superior Court of the District of Columbia on

behalf of himself and his minor son ("D.B.") against a host of defendants the Court divides into

three groups:

1. <u>District Defendants</u>: Mayor Muriel Bowser, Metropolitan Police Chief Peter

Newsham, and Attorney General Karl Racine.

2. <u>Two Rivers Defendants</u>: Two Rivers Public Charter School, Inc., Guye Turner, Jessica

Wodatch, Maggie Bello and David Nitkin.

3. <u>Council Defendants</u>: Charles Allen, Anita Bonds, Mary Cheh, Jack Evans, Vincent

Gray, David Grosso, Kenyan McDuffie, Phil Mendelson, Brianne Nadeau, Elissa Silverman,

Brandon Todd, Robert C. White, and Trayon White, Sr.

The Two Rivers Defendants removed this action. ECF No. 1. This matter is here on the

defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) claiming the

Complaint fails to state a claim upon which relief can be granted. ECF Nos. 10, 12 and 16.[1]

---

[1] The Two Rivers Defendants filed two motions to dismiss in the Superior Court before removal
and filed duplicates with this Court. *See* Superior Ct. Docs. at 29–67 (page numbers designated
by ECF); ECF No. 16.

When a court considers a Rule 12(b)(6) motion, it must accept as true the well-pleaded factual allegations set forth in a complaint, and it must hold a complaint drafted by a *pro se* plaintiff to a less stringent standard than it would apply to a complaint drafted by a lawyer.  *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even evaluated under this relaxed standard, the Complaint is hopelessly deficient.  Based on it, the defendants' briefs, and Mr. Banks' oppositions, the Court grants the defendants' motions and dismisses the complaint in its entirety.[2]

**I.**

The heading of Mr. Banks' Complaint reads:

> BIVENS ACTION: FOURTH, FIFTH AMENDED COMPLAINT FOR DAMAGES AND BREACH OF A SUBSTANTIVE DUE PROCESS, WITH SOCPE [sic] OF VIOLATION CONSTUTIONAL [sic] TORTS, AND STATUTES 18-USC 241-242 WITH DC LAWS

ECF No. 1-1 ("Superior Ct. Docs.") at 3 (page numbers designated by ECF).  The first section of the Complaint, titled STATEMENT, reads:

> Plaintiff's [sic] sues defendant under dispossessed of my rights deprived my ability [to] defend them; that deprivation alone would be actionable under federal statutes known as a Bivens Action statutes 18-USC 241-242 for money due to violation Fourth, Fifth Amended, Negligent, Brach [sic] of Contract, Retaliation, Fraudulent Misrepresentation and states as follows $30million for Monetary, Punitive Damage, Declaratory, and Injunctive relief were [sic], as here, the action that is alleged to be unconstitutional.

---

[2] There are other defendants listed in the caption of the Complaint on whose behalf counsel has not entered an appearance or filed a dispositive motion.  Even so, the Court finds that the arguments set forth in the represented defendants' pending motions apply to the unrepresented defendants, and the Court will dismiss the Complaint as against defendants John Doe Federal Officer, Jan Doe Federal Official, Lekisha C. Kellark Davis, Janea Hawkins, Anthony Lawrence, Attorney General of the United States, Eleanor Holmes Norton, Monica Palacio, Brenda Donald and Hanseul Kang.

Superior Ct. Docs. at 4.

Three incidents appear to have led to the Complaint: Mr. Bank's arrest on April 11, 2015 and later detention, *see id.* at 4–6 (¶¶ 1-3, 10); an incident on September 17, 2015 involving D.B. and staff at the charter school D.B. attended at that time, *see id.* at 5–6, 7, 9–10 (¶¶ 5-6, 11, 13, 16 and 18 (Second Claim 4)); and an incident on April 5, 2018, at Two Rivers Public Charter School where D.B. is or was a student, *see id.* at 4, 8–11 (¶¶ 14-17, 21).

Mr. Banks alleges that, on April 5, 2018, Guye Turner, presumably a Two Rivers employee, made a video recording of D.B. on his cell phone without Mr. Banks' consent. *Id.* at 4. This action, Mr. Banks asserts, was "taken pursuant to a municipal policy, legislation vote practice, that diminish my and 9 year minor child rights." *Id.* And Mr. Banks contends that this video recording incident "constitute[d] []threat/harassment/stalking/etc.," *id.* at 8 (¶ 14), breached a contract, *see id.* at 8 (¶ 15), was negligent, *see id.* at 9–10 (¶¶ 16-17), violated D.B.'s Fifth Amendment rights, *see id.* at 10 (¶ 19), and intentionally inflicted emotional distress, *see id.* at 11 (¶ 21).

**II.**

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To this end, a complaint must "contain sufficient factual allegations that, if true, 'state a claim to relief that is plausible on its face.'" *Middleton v. U.S. Dep't of Labor*, 318 F. Supp. 3d 81, 86 (D.D.C. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A motion under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint survives Rule 12(b)(6) if it states a plausible claim, that is, a claim "more than a sheer possibility that a defendant has acted

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545–46. "A claim crosses from conceivable to plausible when it contains factual allegations that, if proved, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (cleaned up).

In evaluating a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the non-moving party and accepts as true all reasonable inferences drawn from well-pleaded factual allegations. *See In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). Consideration is limited to "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice." *Hurd v. District of Columbia Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017) (cleaned up). But the Court does not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Nor must the Court accept "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## III.

The Court agrees with defendants' observations that the Complaint "is extremely difficult to decipher," ECF No. 10-1 ("Council Defs.' Mem.") at 2, and contains "mere conclusory statements and/or incomprehensible remarks," ECF No. 16 ("Two Rivers Mem.") at 30. Sprinkled throughout the Complaint are labels and phrases that suggest legal claims, yet the Complaint fails to string together enough facts to state a cognizable legal claim against any of the

4

defendants.  The Court must contend with a tangled mass of assertions that do not state any claim

for the civil rights action Mr. Banks apparently intends to bring.

**A.**

Consider the first two claims.  Claim 1 purports to bring a Fourth Amendment claim

under 42 U.S.C. § 1983 arising from Mr. Banks' arrest on April 11, 2015.  *See* Compl. ¶ 10.  A

three-year residual statute of limitations applies to Section 1983 claims.  *Earle v. District of*

*Columbia*, 707 F.3d 299, 305 (D.C. Cir. 2012) (citing *Singletary v. District of Columbia*, 351

F.3d 519, 529 n.11 (D.C. Cir. 2003)).  When Mr. Banks filed his complaint in the Superior Court

on August 10, 2018, the limitations period had already run.  Similarly, because Count 2 raises a

false arrest claim arising from the September 17, 2015 incident, *see* Superior Ct. Docs. at 7 (¶

12), the one-year statute of limitations, *see* D.C. Code § 12-301(4), had run by the time Banks

began this lawsuit.

Assuming Claim 2 raises Fourth Amendment claims arising from the September 17, 2015

incident, those claims are not barred by the statute of limitations, but the Complaint fails to

allege facts sufficient to state a claim.  On its face, Claim 2 is barely more than the type of

unadorned "the-defendant-harmed-me accusation" that is insufficient under Fed. R. Civ. P. 8.

More, the Complaint fails to allege facts tending to show that either Banks' or D.B.'s was falsely

imprisoned, that is, detained was "without a warrant or for any length of time whereby he is

deprived of his personal liberty or freedom of locomotion," *Tocker v. Great Atl. & Pac. Tea Co.*,

190 A.2d 822, 824 (D.C. 1963), or without probable cause in violation of the Fourth

Amendment, *see Martin v. Malhoyt*, 830 F.2d 237, 262 (D.C. Cir. 1987).  Even liberally

construed, Claim 2 appears to be no more than "[m]ere conclusory statements or a formulaic

recitation of the elements of [the] cause of action," which is insufficient under the *Twombly* and

*Iqbal* pleading standard. *See Patrick v. District of Columbia*, 179 F. Supp. 3d 82, 86 (D.D.C. 2016).[3]

**B.**

Claim 3, the heading of which is "FEDERAL OFFICIALS RACIAL PROFILING THREAT/STLKING [sic]/HARASSMENT," Superior Ct. Docs. at 7 (emphasis in original), fails because the Complaint alleges insufficient facts to state a plausible legal claim. Although Mr. Banks purports to hold several defendants accountable for the April 5, 2018 incident at Two Rivers, nowhere does he allege facts showing that the District of Columbia Defendants, the Council Defendants, or any of the unrepresented defendants were present, responsible, or involved in any way.

Mr. Banks is no more successful in asserting Claim 3 against the Two Rivers Defendants or "Mr. Guy [sic] Tuner [sic] and Administrative," *id*., or "Two River Staff member, Administrative, Teacher, Teacher Aids," *id*. A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56. The statements set forth in the complaint are conclusory and otherwise fail to allege how any defendant racially profiled, threatened, stalked or harassed Mr. Banks or D.B., how any of these purported actions violated common law, a statute or a constitutional provision, or, which law, statute or constitutional provision is implicated.

---

[3] If Mr. Banks raises a claim against the District of Columbia, that claim is barred by res judicata. *See Banks v. Inspired Teaching School*, 243 F. Supp. 3d 1 (D.D.C. 2017), *aff'd*, No. 17-7048, 2017 WL 4220006 (D.C. Cir. Aug. 1, 2017)

**C.**

The first Claim 4, *see* Superior Ct. Docs. at 8, [4] repeats the allegation that Mr. Turner

used his cell phone to record D.B. without Mr. Banks' permission, *id*. (¶ 15). Its heading,

however, suggests that Mr. Banks brings a breach of contract claim against the District

Defendants, Council Defendants, Two Rivers Defendants and others arising from their "activities

. . . constitut[ing] []threat/harassment/stalking/etc.," *id*. There is no further mention of a contract,

however, and the balance of First Claim 4 fails to name the parties to, explain the terms, or

describe the breach of a contract which resulted in some harm. The lack of these factual

allegations is fatal to a contract claim. *See Pernice v. Bovim*, 183 F. Supp. 3d 84, 87 (D.D.C.

2016). The Court concurs with the District's conclusion that Banks "do[es] not even come close

to pleading anything that would support a claim of breach of contract." District Defs.' Mem. at

9, ECF No. 12.

**D.**

Next, the second Claim 4 purports to be a negligence claim against the District

Defendants, Council Defendants, Two Rivers Defendants, and assorted unrepresented

defendants. *See* Superior Ct. Docs. at 9 (¶¶ 16–18). Repeating the allegation that Mr. Turner

recorded D.B. on a cell phone without his consent, *see id*. at 9–10 (¶ 17), Mr. Banks accuses the

defendants of taking actions "beyond bounds of their unlawful authority," *id*., while "pretending

to act in their [sic] performance of their official duties," *id*.

"[A] claim alleging the tort of negligence must show: (1) that the defendant owed a duty

to the plaintiff, (2) breach of that duty, and (3) injury to the plaintiff that was proximately caused

by the breach." *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 793 (D.C. 2011) (citation

---

[4] Banks designates three claims "Claim 4."

omitted).  The Complaint lacks any factual allegations to support a negligence claim against any defendant.  Mr. Banks does not reveal who owed a duty to him or D.B., articulate what duty was owed, describe the breach of that duty, or convey what harm he and D.B. suffered as a result. The Court agrees with the defendants, *see* District Defs.' Mem. at 7, that the Complaint fails to state a negligence claim.

**E.**

The heading of the third Claim 4 suggests a claim under the Fifth Amendment to the U.S. Constitution.  *See* Superior Ct. Docs. at 10.  But it fails to state a claim against any of the defendants.  Mr. Banks' Third Claim 4 has only a mere mention of the Fifth Amendment's Equal Protection Clause, and a vague assertion that several defendants violated rights protected under it: "The actions of [the Defendants] . . . did not provided [sic] Equal Protection laws [sic] the Plaintiff(s) should receive the rule of law/Constitution/Bill of Rights."  Superior Ct. Docs. at 10 (¶ 19).  But such a naked allegation is insufficient; it does not allege facts showing a violation of the Fifth Amendment by any defendant.

What is more, if Mr. Banks seeks to bring a claim for municipal liability against the District of Columbia his Complaint is lacking.  "To state a claim for relief against a municipality under section 1983, a plaintiff must satisfy two requirements: [he] must plead 'a predicate constitutional violation' and that 'a custom or policy of the municipality caused the violation.'" *Blue v. District of Columbia*, 811 F.3d 14, 18 (D.C. Cir. 2015) (quoting *Baker v. District of Columbia,* 326 F.3d 1302, 1306 (D.C. Cir. 2003)).  "The Court may consider either requirement first." *Roe v. Wilson*, No. 18-CV-00171, 2019 WL 451520, at *7 (D.D.C. Feb. 4, 2019) (citing *Blue*, 811 F.3d at 18).

Mr. Banks fails on both fronts.  As discussed above, he has not sufficiently pled a predicate constitutional violation. And the Complaint alleges no facts suggesting that Mayor Bowser, Chief Newsham or Attorney General Racine personally were involved in the April 5, 2018 incident, and so Mr. Banks fails to state a claim against these officials in their individual capacities.

Nor has Mr. Banks established the necessary "affirmative link" between a municipal policy and any potential injury, *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985), or that "a municipal policy was the 'moving force' behind the constitutional violation," *City of Canton v. Harris* 489 U.S. 378, 389 (1989).  True, in other portions of his Complaint he uses phrases like "municipal policy" and "custom of responding," but these naked allusions to a municipal policy are insufficient.  *See, e.g.*, *Xingru Lin v. District of Columbia*, 268 F. Supp. 3d 91, 100 (D.D.C. 2017) (dismissing § 1983 claim where "Plaintiff has not pled any facts that would plausibly suggest that the alleged violations of her constitutional rights, which were committed by various different MPD officers, were caused by any custom or policy of the District").

Any potential claim against the Council Defendants for what Mr. Banks terms "legislation vote practice," Superior Ct. Docs. at 4, is also unavailing.  Because he faults the Council Defendants' "action . . . taken pursuant to . . . legislation vote practice," Superior Ct. Doc. at 8 (¶ 14), the Counsel Defendants assert immunity under the District's speech or debate statute, *see* Council Defs.' Mem. at 5, ECF No. 10-1 (citing D.C. Code § 1-301.42).  Because "the District's Speech or Debate statute clothes D.C. City Council members with immunity from lawsuits – including § 1983 claims – for conduct undertaken in their legislative capacities" Mr.

Banks' § 1983 claim against the Council Defendants cannot survive.  *See Dominion Cogen, Inc. v. District of Columbia*, 878 F. Supp. 258, 262 (D.D.C. 1995) (citation omitted).

**F.**

Finally, in Claim 5, Mr. Banks asserts an intentional infliction of emotional distress ("IIED") claim.  According to him, the video recording of D.B. is "extreme[,] outrageous, intentional and reckless" conduct which caused Mr. Banks and D.B. "emotional suffering." Superior Ct. Docs. at 11 (¶ 20).  Such allegations merely recite the elements of the cause of action.

"To establish a *prima facie* case of [IIED], a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) causes the plaintiff severe emotional distress."  *Kowalevicz v. United States*, 302 F. Supp. 3d 68, 76 (D.D.C. 2018) *(quoting Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002)). "Liability will be imposed only for conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. 1998) (internal quotation marks and citations omitted).  Whether the alleged conduct clears this high bar is a question for the courts at the dismissal stage.  *Kowalevicz*, 302 F. Supp. 3d at 76.

Mr. Banks' IIED claim fails to clear the bar.  There are so few alleged facts that the Court cannot determine whether any defendant engaged in behavior that would amount to extreme or outrageous conduct.  And Mr. Banks' bald assertion of "emotional suffering," Superior Ct. Docs. at 11 (¶ 20), is insufficient.  *See, e.g.*, *Johnson v. Paragon Sys., Inc.*, 195 F. Supp. 3d 96, 99–100 (D.D.C. 2016).

**IV.**

The Court holds that Mr. Banks' Complaint fails to state claims upon which relief can be granted. For these reasons, the Court will grant the defendants' motions to dismiss and dismisses the Complaint for all defendants. An Order is issued separately.


DATE: May 17, 2019            _____
                                                TREVOR N. McFADDEN
                                                United States District Judge